IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darlene Green, | Civil Action No. 2:11-2219-RMG-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Wal-Mart Stores, Inc., John Does 1-5, | |
| Defendants. | |

This matter is before the Court on the Defendant Wal-Mart Stores, Inc.'s motion to dismiss [Doc. 25], pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In her Complaint, the plaintiff alleges the following causes action: (1) gender discrimination (including sexual harassment) in violation of 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and unidentified state law; (2) race discrimination in violation of Section 1983 and Title VII; (3) retaliation; and (4) "emotion [sic] trauma." The defendants have moved for dismissal of all of her claims.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKROUND

In her Complaint, the plaintiff alleges that the defendant: (1) subjected her to sexual harassment (hostile work environment); (2) disciplined her; and (3) terminated her employment. (Compl. ¶¶ 6-7, 12-13.)

In support of her sexual harassment claim, the plaintiff claims that, during her employment with the defendant, her co-workers and supervisors subjected her to "sexual

joking, innuendo, sexually lewd comments and sexual phots [sic]." *Id.* ¶ 7. According to the plaintiff, she complained to supervisors on multiple occasions about her co-workers' actions. *Id.* ¶¶ 7, 15-16. The plaintiff also vaguely contends that her supervisors failed to take corrective action after receiving her complaints. *Id.* ¶¶ 7, 15.

Additionally, the plaintiff asserts that she was unlawfully disciplined both out of retaliation for allegedly complaining about sexual harassment and gender discrimination and because she is a woman. *Id.* ¶ 12. Finally, the plaintiff asserts that her employment was terminated because she is an African- American female and for retaliation. *Id.* ¶ 13.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

2

## **DISCUSSION**

**I.     42 U.S.C. § 1983**

The defendant first contends that the plaintiff's claim pursuant to 42 U.S.C. § 1983 should be dismissed because that cause cannot be maintained against a purely private employer, like the defendant. In response, the plaintiff indicates that she mistakenly pled the claim and that she intended to plead one pursuant to 42 U.S.C. § 1981. Accordingly, the plaintiff will be given leave to amend her Complaint to reflect that claim. Any claim for Section 1983, whether intentionally or accidentally included, should be dismissed, however.

**II.    Gender Discrimination and Sexual Harassment Claims**

The defendant next contends that the plaintiff's claims for gender discrimination and sexual harassment of whatever kind should be dismissed as they were not properly and administratively exhausted. Prerequisite to bringing a judicial action, it is well-understood that a plaintiff in South Carolina must file a charge of discrimination within 180 days (for claims arising under South Carolina Human Affairs Law) or 300 days (for claims arising under Title VII, since South Carolina is a deferral state) after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e–5; S.C. Code § 1-13-90; *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009); *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995).

As the defendant emphasizes, scope of a charge of discrimination limits the scope of any subsequent litigation; claims not included in the charge of discrimination are barred from judicial review. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509, 513 (4th Cir. 2005); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963-64 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."); *see also Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).

The plaintiff, here, plainly did not include any allegations relating to gender or sex discrimination in her charge but only as to race.  (Def. Ex. A.)  The plaintiff does not disagree either that she must administratively exhaust her claims or that she failed to include any gender or sex allegations in her charge.  Rather, the plaintiff, in response, argues that she included such allegations in a South Carolina Human Affairs Commission Initial Inquiry Questionnaire.  (Pl. Resp. Ex. 3.)

But, as the defendant rejoins, this District and other jurisdictions have repeatedly concluded that "claims raised in the questionnaire but not the actual EEOC charge are not properly exhausted" and that such claims are ripe for dismissal. *Craig v. S.C. Dep't of Health & Envtl. Control*, 2009 WL 3644268, at *4 (D.S.C. Oct. 6, 2009); *see also Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1240-41 (11th Cir.2004); *Novitsky v. Am. Consulting Eng'rs, LLC,* 196 F.3d 699 (7th Cir.1999); *Middleton v. Motley Rice, LLC*, 2010 WL 3167360, at *6 (D.S.C. Aug. 9, 2010) ("A plaintiff cannot be allowed to transfer the allegations mentioned only in the questionnaire to the [EEOC] charge itself.  Not only would this be circumventing the role of the Commission, but it would be prejudicial to the employer.").

To that end, the questionnaire itself conspicuously, at the top of the first page, indicates that "***COMPLETION AND SUBMISSION OF THIS QUESTIONNAIRE DOES NOT IMPLY OR CONSTITUTE THE FILING OF A CHARGE***."  (Pl. Resp. Ex. 3 at 9.)  The United States Supreme Court has held that for a questionnaire to be considered as a Charge it "must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (concerning the EEOC and not a state agency, as is at issue here).  "[T]he filing must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes."

4

*Id.* The disclaimer makes it impossible, as an objective matter, to so construe the questionnaire.

Accordingly, any gender or sex claims in the Complaint should be dismissed for a failure to exhaust.

**III.    Race Discrimination and Retaliation**

With some irony, where the plaintiff exhausted her race discrimination claim, she has hardly mentioned it in her Complaint. The pleading largely complains about gender discrimination and sexual harassment. (See Compl. at 2-3.) Even still, the Court believes that the allegations are enough, even where the defendant disagrees. The plaintiff contends that she was treated differently than caucasian males and that she was terminated on account of her race. (Compl. ¶ 13.)  She also alleges that policies were differentially enforced. *Id.* ¶ 14.  There is some implication that lewd and sexual harassment was the product of race discrimination. *Id.* ¶ 7.  She also avers that for complaining about it all she was retaliated against. *Id.* ¶ 16.  The Court would agree that the Complaint is not very specific. The plaintiff's proposed amended complaint says more; she is invited to expand on it. [Doc. 25-1.] But, regardless, the Court would not recommend any dismissal of either the race discrimination or retaliation claims.[1]

**IV.    Fourteenth Amendment Claim**

The plaintiff has also offered that she would add a claim pursuant to the Fourteenth Amendment of the United States and South Carolina constitutions. It is not in the original Complaint. The Court would disallow it.  Such claims may not be maintained against a

---

[1] The defendant has preemptively and liberally assumed that the plaintiff has also pled a race discrimination claim pursuant to the South Carolina Human Affairs Law, S.C. Code 1-13-10 *et seq.* (See Compl. ¶ 6 (asserting claims under "state law").  But, the Complaint, nowhere mentions any claim pursuant to that statute nor does the plaintiff, in response, argue it. And, in her proposed amended Complaint she has offered an amended Paragraph 6 which makes clear that the phrase "State . . . Law" is intended to modify the phrase "Equal Protection Violations." [See Doc. 25-1.] It is not a reasonable construction of the paragraph or the Complaint that the plaintiff intended an additional claim, not anywhere mentioned, pursuant to that state statute.

5

private employer under either constitution. *See Freeman v. Duke Power Co.*, 114 Fed. App'x 526, 534 (4th Cir. 2004) (iterating the well-established principle that the Fourteenth Amendment "protect[s] individuals only against governmental action"). The plaintiff has made no reply.

**V.     "Emotional Trauma"/Intentional Infliction of Emotional Distress Claim**

In her original Complaint the plaintiff pled a claim for "emotional trauma." The defendant has challenged the claim as non-existent and insufficiently pled. Even in her proposed amended Complaint, which re-styles the claim as one for Intentional Infliction of Emotional Distress, the plaintiff avers no more than "[t]he actions of the defendant constitute Intentional Infliction of Emotional Distress in violation of state law." [Doc. 25-1 ¶ 21.]

To state a claim for intentional infliction of emotional distress, a plaintiff must prove that "(1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct, (2) the conduct was so 'extreme and outrageous' as to exceed 'all possible bounds of decency' and must be regarded as 'atrocious, and utterly intolerable in a civilized community,' (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was 'severe' so that 'no reasonable man could be expected to endure it.'" *Ford v. Hutson*, 276 S.C. 157, 162 (1981). Even as the viability of plaintiff's claim is threatened by the defendant's present motion, she has not been able to make the necessary allegations in her Complaint as to any specifically unreasonable and outrageous and/or atrocious conduct. The claim should be dismissed.

**VI.     *Pro Se* Status**

Finally, the defendant has raised concerns that the plaintiff is not really proceeding *pro se* but rather is receiving assistance from actual legal counsel. (See Def. Reply at 3); [Doc. 32]. The defendant contends that the plaintiff's pleadings, therefore, are not entitled

to any generous construction as a result. The defendant has also intimated that the lawyer assisting the plaintiff may have been previously disbarred in another jurisdiction.

The Court feels unpersuaded to resolve it at this time. The undersigned is unaware of any prohibition against the plaintiff receiving guidance by others, including attorneys, licenced or otherwise, as to her court submissions. They are signed and submitted by her, and she alone is accountable for them.

Second, even a cursory review of her filings suggests one of two things: (1) either she is aided by counsel or (2) she is of sufficient individual competency that hardly any leniency or liberality is required. Even still, the Court has been fair to her and the spirit of her pleadings, regardless of the manner in which they may have been prepared. But, the Court has not reached to save them in some or any way which might be considered unnecessarily prejudicial to the defendant's ability to challenge their plain legal inadequacy, as previously discussed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 25] should be GRANTED in part and DENIED in part. Specifically, the plaintiff's claims for gender discrimination and sexual harassment, of whatever theory, should be dismissed. Additionally, the plaintiff's claims pursuant to 42 U.S.C. § 1983; the Fourteenth Amendment of either the United States or South Carolina constitutions; and for "emotional trauma" should be dismissed. The plaintiff, however, has leave to amend her race discrimination and retaliation claims pursuant to Title VII and to add a claim pursuant to 42 U.S.C. § 1981. Accordingly, her motion to amend the Complaint [Doc. 25] is GRANTED in part and DENIED in part. The plaintiff should file her amended Complaint within fifteen (15) days of the adoption of the district court of this recommendation, if at all.

s/Bruce H. Hendricks
United States Magistrate Judge

May 3, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).